IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM C. PHELPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-208-D |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant State Farm Automobile Insurance Company's Motion to Stay Discovery Pending Resolution of State Farm's Motion for Summary Judgment [Doc. No. 33]. Plaintiff William C. Phelps has promptly objected to the Motion, which is fully briefed and at issue.

Defendant asks the Court to order a stay of all discovery, except a deposition of Plaintiff requested by his counsel, pending a ruling on Defendant's Motion for Summary Judgment on Statute of Limitations, and Alternative Motion for Partial Summary Judgment on the Legitimate Dispute Doctrine [Doc. No. 29]. Defendant urges the Court to exercise its inherent authority to manage its docket for the efficient use of judicial resources, as authorized by *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Defendant believes it has a complete defense to Plaintiff's claim for breach of contract seeking uninsured motorist benefits allegedly due under an automobile insurance policy, that is, the claim is

barred by the statute of limitations.[1] At the least, Defendant contends its limitations defense presents a legitimate coverage dispute that prevents a tort recovery on Plaintiff's bad faith claim. Defendant points to numerous discovery disputes between the parties related to the bad faith claim or allegations of bad faith litigation conduct, and argues that substantial resources of the Court and the parties could be saved if discovery is stayed until a summary judgment decision is made.

Plaintiff states that Defendant's belief in the strength of its summary judgment position is not a sufficient ground to put his case on hold while waiting for the Court to decide the motion. In Plaintiff's view, Defendant's summary judgment motion "is borderline frivolous" and has "no realistic chance" of success. *See* Pl.'s Resp. [Doc. No. 36] at 2.[2] Plaintiff also cites his age (77 years) and "relatively poor health" as reasons why he needs to proceed with trial preparation. *See id.* Plaintiff states his belief that Defendant's request for a stay is designed to avoid unfavorable rulings on his pending motions to compel discovery, including a finding that Defendant has engaged in "discovery abuse" by withholding documents based on unfounded claims of privilege and has failed to instruct its employees regarding a "litigation hold." *Id.* at 12.

---

[1] Defendant takes the position that Plaintiff's uninsured motorist claim was settled in 2003 and the statute of limitations for any breach of contract claim began to run at that time, not when Plaintiff later attempted to reopen the claim and obtain additional benefits in 2011.

[2] Within a short time after Defendant's Motion to Stay was fully briefed, Plaintiff also filed his response in opposition to the summary judgment motion, which fully explains his position.

2

In reply, Defendant argues the merits of its summary judgment position. It contends that the statute of limitations presents a "threshold question" that can easily resolve the case, and that Plaintiff's multiple motions to compel are irrelevant to the summary judgment issues. Defendant further argues that judicial economy is best served by devoting the Court's resources to dispositive issues and other cases on its docket rather than the numerous pending discovery disputes in this case. In addition to four motions to compel by Plaintiff, including one filed after Defendant's reply brief, the Court notes that Defendant has also filed a motion to compel. Only two of these motions are fully briefed.

Upon consideration, the Court finds it difficult to assess the premise of Defendant's request for a stay of discovery – a likelihood of success on its pending summary judgment motion – before the issues are fully briefed. However, several pertinent facts seem clear. First, Plaintiff does not disagree with Defendant's contention that the parties' numerous discovery disputes concern matters that would be irrelevant if Defendant's motion is even partially successful, that is, if Plaintiff's bad faith claim is found to lack merit. The pending disputes may only be the first round; once Plaintiff's pending motions are resolved, he has stated his intention to pursue additional areas of inquiry. *See* Pl.'s Reply Br., Second Motion to Compel [Doc. No. 44] at 2 (stating that if no litigation hold was issued, "Plaintiff intends to pursue extensive electronic discovery"). Second, no additional discovery is needed before a summary judgment ruling can be made; Plaintiff has already filed his response. Third, Plaintiff recently filed his own motion to extend all remaining deadlines in the case due to

a lack of progress in completing discovery. Under the amended case schedule entered at Plaintiff's request, the discovery cut-off is now December 5, 2014.

Under the circumstances shown by the record, it appears that a stay of discovery will not cause any real prejudice to Plaintiff but may result in substantial savings of time and resources by the Court and the parties if there is any merit in Defendant's summary judgment motion. Accordingly, the Court finds that a brief stay of discovery for the period of time needed to rule on Defendant's dispositive motion is warranted. *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002) (no abuse of discretion to stay discovery that was not needed to resolve summary judgment motion).

IT IS THEREFORE ORDERED that Defendant's Motion to Stay Discovery [Doc. No. 33] is GRANTED. No further discovery shall be conducted until the Court rules on Defendant's Motion for Summary Judgment on Statute of Limitations, and Alternative Motion for Partial Summary Judgment on the Legitimate Dispute Doctrine [Doc. No. 29], except the parties may engage in discovery by agreement, including Plaintiff's deposition, during the pendency of the stay. Any further briefs regarding pending motions to compel discovery shall be filed within 7 days after the Court issues its summary judgment ruling.

IT IS SO ORDERED this 29th day of August, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE